JAMES M. JAMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
James v. Commissioner
Docket No. 28013-88
United States Tax Court
T.C. Memo 1990-128; 1990 Tax Ct. Memo LEXIS 128; 59 T.C.M. (CCH) 83; T.C.M. (RIA) 90128; March 13, 1990
James M. James, pro se. Sarah Barkley, for the respondent. PATE
*210 MEMORANDUM OPINION PATE, Special Trial Judge: This case is before the Court *129 on cross motions to dismiss for lack of jurisdiction. Respondent maintains that the petition must be dismissed because petitioner did not file it within 90 days after the mailing of the notices of deficiency for 1984 and 1985, as required by section 6213(a). [1] Petitioner contends that, because respondent did not mail the notices of deficiency to his "last known address" as required by section 6212(b), this proceeding must be dismissed and respondent barred from assessing the tax and additions to tax determined in the notices. Petitioner filed his Federal Income Tax Return for 1977 on April 15, 1978 with the Internal Revenue Service Center in Ogden, Utah (hereinafter "Ogden Service Center"). On that return, he reported his address as 9999 Imperial Highway 135, Downey, California 90242 (hereinafter "the Imperial Highway" address). On June 17, 1988, respondent mailed, by certified mail, the notices of deficiency for 1984 and 1985 to the Imperial Highway address. Petitioner *130 did not file any income tax returns between April 16, 1978 and June 17, 1988. Petitioner lived at the Imperial Highway address until 1978. Thereafter, he moved to Wyoming. He also resided in the following locations: *211 DATE
ADDRESS
July 1983 to
809 Beaufort, Apt. #1, Laramie, WY. 82070
July 1987
(hereinafter "the Beaufort" address)
July 1987 to
4411 Crow, Apt. D, Laramie, WY. 82070
August 1988
(hereinafter "the Crow St." address)
August 1988 to
3841 E. 15th Street, Casper, WY.
January 1989
(hereinafter "the 15th Street" address)
In 1986, petitioner's employer sent a copy of petitioner's Form W-4 to respondent in accordance with employment tax regulations. The Form W-4 showed that petitioner resided at the Beaufort address. On April 2, 1986, the Ogden Service Center (which handles employment tax matters), mailed petitioner a Form 6450 "Questionnaire to Determine Exemption From Withholding" regarding the Form W-4 petitioner filed for 1984. The Form 6450 was mailed to the Beaufort address. By letter dated April 10, 1986, petitioner informed the Ogden Service Center that, for reasons not relevant to this proceeding, he was "choosing to *131 ignore" the questions asked in the form. Neither his April 10, 1986 letter nor the envelope in which he mailed it showed petitioner's address. On May 20, 1987, the Ogden Service Center again corresponded with petitioner regarding the Form W-4 petitioner filed for 1984. On May 30, 1987, petitioner replied to the Ogden Service Center, but his letter contained no address; the envelope, however, showed the Beaufort address as his return address. On June 17, 1988, respondent sent notices of deficiency for 1984 and 1985, by certified mail, to petitioner at the Imperial Highway address. The notices of deficiency were returned marked "Returned to Sender FORWARDING ORDER EXPIRED." After investigating, respondent remailed both notices of deficiency by first-class mail to the Crow Street address; but, by that time, petitioner had moved from the Crow Street address to the 15th Street address. He had, however, left a forwarding address with the United States Postal Service. As a result, petitioner eventually received the notices of deficiency at the 15th Street address. He filed his petition on October 27, 1988, 132 days after the date on the notices of deficiency, but within 90 days *132 of the date on which he claims he received them. OPINION In general, a taxpayer invokes the jurisdiction of this Court by filing a petition within 90 days after respondent mails him a notice of deficiency by certified or registered mail. Secs. 6212(a), 6213(a), and 6214(a). Thus, a valid notice of deficiency and a timely petition are essential to our deficiency jurisdiction and we must dismiss any case in which one or the other is not present. E.g., ; . A notice of deficiency will be valid if respondent sends it to the taxpayer's last known address. Secs. 6212(a) and (b). The phrase "last known address" is not defined by the Code or regulations. In construing it, this and other courts have focused on the Commissioner's knowledge, rather than on what in fact may have been the taxpayer's actual address. ; . See also . Generally, a taxpayer's "last known address" *133 is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. E.g., ; . In , we held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. The taxpayer has the burden of providing respondent with clear and concise notification of his new address. . Clear and concise notice is notice by which the taxpayer indicates to the Internal Revenue Service that he wishes the new address to replace all old addresses in all subsequent communications. , citing . At the time the notices of deficiency were issued in this case, petitioner's 1977 return was his most recently filed return. On that return, he reported the Imperial *134 Highway address as his address. Therefore, unless we find that petitioner gave clear and concise notification to respondent of a different address prior to the date on which respondent mailed the notices of deficiency, we must find that the Imperial Highway address was petitioner's last known address. Petitioner argues that respondent must exercise ordinary care to ascertain a taxpayer's correct address and that had respondent exercised *212 such care, he would have found the Beaufort address in a file at the Ogden Service Center. In support thereof, he cites a provision of respondent's manual which requires that clerical personnel follow certain steps, including checking "all possible sources in the case file." In short, petitioner argues that the Beaufort address was his "last known address" on June 17, 1988, the date on which respondent mailed the notices of deficiency. Respondent received the Beaufort address from petitioner's employer and used that address to contact petitioner regarding employment tax matters. However, when petitioner wrote back to respondent, he did not give respondent clear and concise notification that the Beaufort address was his new, permanent *135 address. In fact, on only one occasion did petitioner even show the Beaufort address on his correspondence, and then only on the envelope as a return address. A return address placed on the outside of an envelope, without more, does not constitute clear and concise notification of a new, permanent address for purposes of section 6212(b)(1). Accordingly, we find that the Imperial Highway address was petitioner's "last known address." However, petitioner argues that the notices of deficiency he actually received were not mailed by certified mail, and, therefore, they are invalid. He relies on , to support his second argument. In Eppler, respondent mailed the taxpayer a notice of deficiency by certified mail to an improper address. When the notice was returned as undeliverable, the Commissioner sent it again, by certified mail, to the proper address. The Court of Appeals for the Seventh Circuit found that by reissuing the notice of deficiency by certified mail, the Commissioner in effect withdrew or abandoned the first notice of deficiency and started a new 90 day period in which the taxpayer could petition *136 this Court. In sharp contrast to Eppler , respondent initially sent notices of deficiency to an address which we have found was petitioner's last known address. Thereafter, he remailed the notices to the Crow Street address by first-class postage. In doing so, he was not abandoning the original mailing, or reissuing the notice. He was merely extending petitioner the courtesy of actual notice. Because the original certified mailings were to petitioner's last known address, they fulfilled the statutory requirements. Under such circumstances, whether petitioner received actual notice by regular mail, telephone, or other means is not relevant to our decision. The certified mailings fulfilled the statutory requirements and, therefore, the notices of deficiency for 1984 and 1985 are valid. Nevertheless, petitioner claims that he received the notice of deficiency only two days prior to the expiration of the 90 day period and, therefore, was prejudicially delayed from filing on time. Consequently, he argues that his petition was timely because he filed it within 90 days of the date on which he actually received the notices of deficiency. Even assuming that petitioner proved the *137 date on which he received actual notice, he cannot prevail. Where a properly addressed notice of deficiency is involved, the petition must be filed within 90 days after respondent mails the notice of deficiency. Actual receipt is not required when a valid notice is properly addressed. See , and cases cited therein. Lastly, we note that it is difficult to develop sympathy for petitioner's position. Not only was petitioner relatively transient, but his failure to file income tax returns for the years in issue placed respondent in the difficult, if not impossible, position of locating petitioner. By failing to file timely income tax returns, petitioner created the confusion that has led to the controversy in this case. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩